ORIGINAL

MORGAN, LEWIS & BOCKIUS LLP
FRANKLIN BROCKWAY GOWDY, State Bar No. 047918
BENJAMIN P. SMITH, State Bar No. 197551
CHRISTOPHER J. BANKS, State Bar No. 218779
TERA M. HEINTZ, State Bar No. 241414
ERIC K. IWASAKI, State Bar No. 256664
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: 415.442.1000; Fax: 415.442.1001
Email:  fgowdy@morganlewis.com
        bpsmith@morganlewis.com
        cbanks@morganlewis.com
        theintz@morganlewis.com
        eiwasaki@morganlewis.com

E-filing

Attorneys for Petitioner
ASAHI KASEI PHARMA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ASAHI KASEI PHARMA CORPORATION,

          Petitioner,

vs.

COTHERIX, INC.,

          Respondent.

Case No. C 10 0223

**PETITION OF ASAHI KASEI PHARMA CORPORATION TO CONFIRM ARBITRATION AWARD**

Petitioner Asahi Kasei Pharma Corporation hereby petitions the Court, pursuant to 9 U.S.C. §§ 13 and 207, for an order confirming the arbitration award ("Award"), the original of which is attached as <u>Exhibit E</u> to the accompanying Declaration of Benjamin P. Smith, against Respondent CoTherix, Inc. in the arbitration *Asahi Kasei Pharma Corporation v. CoTherix, Inc.*, ICC Arbitration Case No. 15 203/VRO (the "*CoTherix* Arbitration"), and entry of judgment in conformity with the Award. In support thereof, Asahi alleges as follows:

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1      1      PETITION OF ASAHI KASEI PHARMA CORPORATION
TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.

# INTRODUCTION

1. This action seeks to enforce and reduce to judgment the Award issued by the International Court of Arbitration of the International Chamber of Commerce ("ICC") in favor of Petitioner Asahi Kasei Pharma Corporation ("Asahi") and against Respondent CoTherix, Inc. ("CoTherix"). The arbitration determined that CoTherix willfully, intentionally, and deceitfully breached a June 23, 2006 agreement (the "License Agreement") between Asahi and CoTherix for the development and marketing of Asahi's lifesaving drug called Fasudil.

2. In the Final Award, the three retired judges and practitioners of the Arbitral Tribunal found not only that CoTherix intentionally and deceitfully breached the License Agreement, but that CoTherix did so for the competitive and financial benefit of Swiss pharmaceutical firm Actelion Ltd. (collectively, with its various U.S. and Swiss subsidiaries, "Actelion"). Actelion acquired CoTherix shortly after it entered into the License Agreement with Asahi. *See* Award, ¶¶ 126, 179.

3. The Arbitral Tribunal found that CoTherix's breach of the License Agreement caused Asahi at least US $73,362,397 in damages, and awarded that amount – as well as Asahi's attorneys' fees and related costs and prejudgment interest – to Asahi under a breach of contract theory, for a total award of US $91,046,424.81, plus interest which continues to accrue from the date of the Award, December 15, 2009, on a daily basis. CoTherix has to date refused to pay Asahi amounts due and owing under the Award.

4. There can be no question that the Award should be confirmed. The arbitration was decided after the submission of hundreds of pages of legal briefing by both Asahi and CoTherix; the submission of dozen of percipient and expert witness statements; a two-week evidentiary hearing; and the submission of hundreds of pages of post-hearing briefs. CoTherix was represented by two prestigious international law firms in the arbitration, Bingham McCutchen LLP and Baker Botts, LLP, and supported by numerous expert witnesses. CoTherix has admitted that it enjoyed a full and fair opportunity to present evidence in this arbitration.

5. After considering all the evidence and legal arguments presented by the parties, the 129-page Award was issued unanimously by the three experienced international arbitrators of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1       2

PETITION OF ASAHI KASEI PHARMA CORPORATION
TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.

Arbitral Tribunal: The Hon. Eugene F. Lynch, a retired United States District Court judge from the Northern District of California; David W. Plant, Esq., a former 40-year practitioner from Fish & Neave in New York; and The Hon. Benjamin J. Greenberg, Q.C., former Quebec Superior Court judge and Chairman of the Arbitral Tribunal. The conclusions of the Arbitral Tribunal were unequivocal, and the Award should be confirmed. Final Award, ¶¶ 190-191.

### PARTIES

6. Petitioner Asahi Kasei Pharma Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-105 Kanda Jinbocho, Chiyoda-ku, Tokyo 101-8101, Japan. Asahi serves the healthcare industry, manufacturing and distributing a wide range of pharmaceuticals, medical devices, diagnostic reagents, and nutritional products.

7. Respondent CoTherix, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 5000 Shoreline Court, Suite 200, South San Francisco, California 94080.

### JURISDICTION

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the laws and treaties of the United States pursuant to 9 U.S.C. § 203.

9. This Court has personal jurisdiction over Petitioner on the grounds that CoTherix has, at all relevant times, systematically and continuously transacted business within the jurisdiction.

### VENUE

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this judicial district. Venue is also appropriate in this judicial district under 9 U.S.C. § 204 as this district embraces the place designated in the arbitration provision of the June 23, 2006 License Agreement between Asahi and CoTherix as the place of the arbitration.

### INTRADISTRICT ASSIGNMENT

11. Under Local Rule 3-2(c) this action shall be assigned to the San Francisco or Oakland Division as a substantial part of the events that give rise to the claim alleged herein

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1

3

PETITION OF ASAHI KASEI PHARMA CORPORATION
TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.

occurred within the San Francisco Division.

## FACTUAL BACKGROUND

12. On June 23, 2006, Petitioner Asahi entered into the License Agreement with Respondent CoTherix, Inc. ("CoTherix") in which CoTherix agreed to develop and commercialize Asahi's drug, Fasudil, for the treatment of stable angina and pulmonary arterial hypertension ("PAH"). *See* the License Agreement attached as Exhibit A to the Smith Decl.

13. The License Agreement included a dispute resolution provision which states:

> If a dispute should arise between the Parties out of or relating to this Agreement or to a breach thereof, including as to the interpretation, performance or termination of this Agreement, the Parties shall initially seek to resolve such dispute amicably by submitting the dispute to the CEO of each Party in an effort to effect a mutually acceptable resolution thereof. If the Parties fail to resolve the matter by good faith negotiation within a period of sixty (60) days of the submission, then either Party may institute binding arbitration of the dispute. The arbitration shall be conducted in English, in the [sic] San Francisco, California, U.S. if initiated by Asahi, or in Tokyo, Japan if initiated by CoTherix, under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules. Judgment on the award rendered by the arbitrator(s) shall be final and may be entered in any court having jurisdiction hereof.

*Id.* at § 13.10.

14. Approximately five months after Asahi and CoTherix entered into the License Agreement, CoTherix announced it would be acquired by a subsidiary of the Swiss biopharmaceutical firm Actelion Ltd. for approximately $420 million and become part of the Actelion group of companies.

15. Once the acquisition of CoTherix was complete, Actelion informed Asahi that CoTherix would no longer continue the development of Fasudil. This ultimately resulted in a dispute regarding losses attributed to CoTherix's failure to continue the development of Fasudil as well as CoTherix's failure to pay invoices for work and supplies ordered prior to CoTherix's formal acquisition by Actelion.

16. Asahi filed a request for arbitration on October 3, 2007 with the ICC for an arbitration to be held in San Francisco, California. The arbitration was designated by the ICC as *Asahi Kasei Pharma Corporation vs. CoTherix, Inc.*, Case No. 15 203/VRO.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1

4

PETITION OF ASAHI KASEI PHARMA CORPORATION
TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.

17. In accordance with ICC Rule Article 8(2), the ICC appointed the chairman of the three-person arbitral tribunal with each party nominating an arbitrator for the remaining two positions. On January 29, 2008, the arbitrator nominated by Asahi, the Honorable Eugene F. Lynch, and the arbitrator nominated by CoTherix, David W. Plant, Esq., were confirmed as co-arbitrators. *See* ICC letter dated 01/29/2008 attached as Exhibit C to the Smith Decl. On February 22, 2008, the ICC appointed the Honorable Benjamin J. Greenberg, QC as chairman of the arbitral tribunal. *See* ICC letter dated 02/22/2008 attached as Exhibit D to the Smith Decl.

18. Following over a year of discovery and hundreds of pages of pre-hearing briefing and the submission of percipient and expert witness statements, the Arbitral Tribunal commenced the arbitral hearing on June 1, 2009, at JAMS, located at Two Embarcadero Center, Suite 1500, San Francisco, California. The arbitral hearing concluded on June 11, 2009. At the conclusion of the hearing, both Asahi and CoTherix confirmed in writing to the Arbitral Tribunal that they had received a "full and fair opportunity to present its evidence" in the arbitration.

19. On December 18, 2009, the ICC sent an award to the parties dated December 15, 2009. *See* Exhibit E to the Smith Decl. In the Award, the Arbitral Tribunal unanimously awarded Asahi $91,046,424.81 as damages for CoTherix's intentional breach of the License Agreement. The Award further held:

> All amounts, inclusive of the simple interest, ordered herein to be paid by COTHERIX to ASAHI will carry POST-AWARD INTEREST at six (6)% *per annum* as and from December 15, 2009, the date of this FINAL AWARD, COMPOUNDED MONTHLY THEREAFTER until payment in full of all amounts ordered to be paid herein.

*Id.* at ¶ 411.

## GOVERNING LAW

20. The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") as implemented by 9 U.S.C. § 201 *et seq.* governs this action. An arbitral award falls under the New York Convention when it (i) arises out of a legal relationship that (ii) is considered commercial and (iii) is not entirely between citizens of the United States or has some reasonable relationship with a foreign state. 9 U.S.C. § 202; *Ministry of Defense of the*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1     5     PETITION OF ASAHI KASEI PHARMA CORPORATION TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.

1  *Islamic Republic of Iran v. Gould, Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989). Application of the
2  New York Convention is appropriate even though the arbitration took place in the United States
3  as Asahi is a Japanese corporation, the License Agreement was governed by Japanese law, and
4  the relationship between Asahi and CoTherix was international in character. *See Indus. Risk Ins.*
5  *v. M.A.N. Gutthoffungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (holding the New York
6  Convention applied to an arbitral award issued by an arbitral panel within the United States
7  because one of the parties was a German corporation); *Jain v. de Méré*, 51 F.3d 686, 689 (7th Cir.
8  1995) (holding the New York Convention applied as the parties were not citizens of the United
9  States and further compelling arbitration between the parties in the United States).

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Asahi respectfully requests that the Court enter a judgment:

1. Confirming the Award dated December 15, 2009;
2. Awarding Asahi post-award/prejudgment interest as specified in the Award, costs, and attorneys fees; and
3. Awarding any such further relief as this Court deems just and proper; and
4. Entering judgment in favor of Asahi.

Dated: January 15, 2010

MORGAN, LEWIS & BOCKIUS LLP

By _____
Benjamin P. Smith

Attorneys for Petitioner
ASAHI KASEI PHARMA CORPORATION

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21513196.1

6

PETITION OF ASAHI KASEI PHARMA CORPORATION
TO CONFIRM ARBITRATION AWARD
USDC-N.D. OF CA CASE No.