BAKER BOTTS L.L.P.
Michele A. Gustafson (SBN 235856)
620 Hansen Way
Palo Alto, CA 94304
Phone: (650) 739-7517
Fax: (650) 739-7617
Email:  michele.gustafson@bakerbotts.com

BAKER BOTTS L.L.P.
Stephen Scheve *(*pending *pro hac vice)*
David Rodi (pending *pro hac vice*)
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Phone: (713) 229-1489
Fax: (713) 229-2789

BINGHAM MCCUTCHEN LLP
James B. Lewis (SBN 71669)
James G. Snell (SBN 173070)
Three Embarcadero Center
San Francisco, CA  94111-4607
Telephone:  415.393.2000
Facsimile:  415.393.2286
Email:  james.lewis@bingham.com
Email:  james.snell@bingham.com

Attorneys for Respondent
COTHERIX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASAHI KASEI PHARMA CORPORATION<br><br>            Petitioner,<br><br>       v.<br><br>COTHERIX, INC.<br><br>            Respondent. | Case No. C-10-00223<br><br>**COTHERIX'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED BY PETITIONER ASAHI KASEI PHARMA CORPORATION ON JANUARY 15, 2010** |

Respondent CoTherix Inc. ("CoTherix") specially appears and moves for an administrative order pursuant to Civil Local Rules 7-11 and 79-5 to place and maintain under seal a Final Award ("Award") in a confidential arbitration, which has been paid in full, as well as related documents filed by Petitioner Asahi Kasei Pharma Corporation ("Asahi") on January 15, 2010 in connection with its Petition to Confirm Arbitration Award ("Petition"). The documents to be sealed are:

1. <u>Unredacted Final Award – Exhibit E to the Smith Declaration in Support of Petition.</u> This document is an unredacted version of the Award. Asahi lodged Exhibit E under seal pursuant to its own motion for administrative relief, which seeks to seal only those portions of the Award which Asahi contends are confidential. As discussed below, the *entire* Award has been designated as confidential protected information under the Stipulated Protective Order governing the ICC Arbitration and should be maintained entirely under seal pursuant to Civil L.R. 79-5(b).

2. <u>Redacted Final Award – Exhibit F to the Smith Declaration.</u> This document is a version of the Award with only Asahi's confidential information redacted. By its motion for administrative relief, Asahi proposes that this document become a publicly available version of the Award. However, the one-sided redactions in Exhibit F do not reflect material designated as confidential and highly confidential by CoTherix or redact privileged material. Thus, Exhibit F is entirely insufficient to comply with the parties' Stipulated Protective Order. Asahi's redacted version should, therefore, be maintained entirely under seal pursuant to Civil L.R. 79-5(b).

3. <u>Petition.</u> Asahi filed its Petition publicly without redaction. Several paragraphs of Asahi's Petition quote from the Award or reference the reasoning of the Arbitral Tribunal. Because the entire Award is confidential protected material, the Petition should be redacted to remove these references in order to comply with the Stipulated Protective Order and to protect CoTherix's legitimate business interests. CoTherix submits a version of Asahi's Petition redacting these references and asks that the Court maintain the unredacted Petition under seal, substituting CoTherix's redacted version into the public record pursuant to Civil L.R. 79-5(c).

4. <u>1/8/10 Email – Exhibit 1 to the Iwasaki Declaration Supporting Motion to Seal.</u> Asahi also publicly filed this email chain containing a January 8, 2010 email in which Asahi's counsel quotes directly from the Award. *See* Dkt. No. 4, Ex. 1. For the same reasons that apply to the

Petition, this email should be redacted to remove these references. Pursuant to Civil L.R. 79-5(c), CoTherix submits a version of Exhibit 1 redacting the protected material. CoTherix asks that the Court maintain the unredacted version of Exhibit 1 filed by Asahi under seal.

## I.  ARGUMENT

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In the Ninth Circuit, a party may obtain a sealing order by articulating compelling reasons supported by specific factual predicates that outweigh the public policies favoring disclosure. *Kamakana v. Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The Award was issued in an arbitration by the International Court of Arbitration of the ICC. CoTherix has paid the Award. Asahi's Petition is now a formality. There is no public interest in proceedings to confirm an award – now paid – that resulted from *private* arbitration of a *private* business dispute in which the parties bargained for, agreed upon, and proceeded under strict terms of confidentiality. Such arbitration is favored under federal law, and permitting Asahi to publicly file the Award negates a crucial component of the parties' agreement to arbitrate.

It is clear that Asahi seeks to file the Award publicly for improper purposes. Permitting Asahi to file the Award in the public record would cause substantial harm to CoTherix, its parent Actelion Ltd., and the other members of the Actelion family. First, separate from the arbitration, Asahi has filed a lawsuit in state court against CoTherix and several Actelion entities seeking damages based on the termination of the same agreement that was the subject of the arbitration.[1] Many of the documents referenced in the Award have been either filed under seal per a state-court protective order or held to be privileged in the State Court Action. Asahi's attempts to publicly file the Award in federal court represent an end-run around the state court's protective order and, because Asahi's filing threatens to reveal material that the state court has ruled privileged, public disclosure would create problems of prejudice in the co-pending action. Such gamesmanship is entirely improper.

Second, although the Actelion entities were not parties to the arbitration and few witnesses

---

[1] *Asahi Kasei Pharma Corporation v. Actelion Ltd. et al.*, Case No. 478533, in the San Mateo Superior Court ("the State Court Action"). *See* Asahi's Notice of Pendency, Dkt. No. 6.

testified live, the Award contains inflammatory assessments – based on the arbitrators' review of protected material – about the motives, credibility, and good faith of the Actelion entities and various Actelion personnel. Goldman Decl. ¶ 12. Disclosure of the Award would damage those parties' reputations and business relations in the pharmaceutical industry. Finally, public disclosure of the Award would cause harm because the Award is replete with references to CoTherix and Actelion confidential and privileged material which the parties agreed would not be used outside the private arbitration proceeding. Disclosure of such materials would provide competitors with an unwarranted business advantage.

### A. Respecting the Confidentiality of the ICC Arbitration and the Resulting Award Promotes Public Policy Favoring Arbitration.

The ICC Arbitration was initiated by Asahi pursuant to the June 23, 2006 License Agreement between Asahi and CoTherix. CoTherix received the Award on or around December 21, 2009 and paid it on January 21, 2010. Gustafson Decl. ¶ 20; Goldman Decl. ¶ 10.

The Arbitration was conducted under a Stipulated Protective Order agreed by the parties and entered by the Arbitral Tribunal. Gustafson Decl. ¶¶ 6-16. The ICC Rules of Arbitration provide that the ICC's work is confidential. Article 20.7 of the ICC Rules provides that the Arbitral Tribunal "may take measures for protecting trade secrets and confidential information." *Id.*, Ex. A ¶ 20.7. Per Article 20.7, the original Terms of Reference for the ICC Arbitration proceedings provided that

> The Parties and Arbitral Tribunal shall enter into an appropriate confidentiality stipulation in order to ensure that this Arbitration is conducted in a confidential manner and to protect the confidentiality of all facts, documents, witness testimony, and other evidence and arguments presented in the Arbitration, as well as the confidentiality of the contents, status and results of the Arbitration proceedings.

*Id.*, Ex. B ¶ 13. To that end, the parties entered into the Stipulated Protective Order which was signed by the Arbitral Tribunal on April 23, 2009. Goldman Decl., Ex. A; Gustafson Decl. ¶ 11, Ex. C.

Under the Stipulated Protective Order, all documents related to the proceedings, including "any *rulings and awards*" are designated as "Protected Material." Gustafson Decl. Ex. C, ¶¶ 2.8. The Protective Order provides that, absent agreement by the designating party or court order, no party may file Protected Material in the public record, and that the parties "must comply with the applicable rule(s) of the court in which Protected Material is sought to be filed." *Id.*, Ex. C ¶ 10.

Before Asahi filed its Petition, CoTherix expressly informed Asahi that the entire Award constitutes "Protected Material" under the Stipulated Protective Order. *See* Iwasaki Decl., Ex. 3. Asahi nevertheless quotes from the Award and seeks to file publicly an inadequately redacted version. This conduct violates Asahi's contractual obligations under the Stipulated Protective Order.

There are important policy interests in protecting expectations of confidentiality of parties who have chosen an alternative means of dispute resolution. *See, e.g., Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (citing *United States v. Glens Falls Newspapers, Inc.,* 160 F.3d 853, 857 (2d Cir. 1998)). As evidenced by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, federal public policy encourages arbitration and strongly favors respect for agreements to arbitrate. *See, e.g., Preston v. Ferrer*, 552 U.S. 346, 128 S. Ct. 978, 981 (2008); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Under the ICC Terms of Reference, the confidentiality afforded by the Stipulated Protective Order was a material component of the parties' agreement to arbitrate this matter. Goldman Decl. ¶ 6. Thus, honoring the parties' expectations (and their contractual commitments) of confidentiality under the Stipulated Protective Order promotes the federal policy of encouraging ADR by ensuring that parties in an arbitration receive the protections for which they bargained. This is particularly true here because, as explained further below, (1) the Award directly pertains to issues presented in the State Court Action, and (2) the Award quotes extensively from CoTherix and Actelion confidential and privileged documents.

**B. Asahi's Public Exposure of the Award Constitutes an Improper Attempt to Leverage its Position in the Pending State Court Action.**

The protection of a fair trial right is an overriding interest that supports sealing the Award. *See NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 20 Cal. 4th 1178, 1222 (1999). Asahi has sued CoTherix and various Actelion affiliates and executives claiming the same breach of the License Agreement that is the subject of the arbitration Award, as well as factually intertwined tort and statutory claims. Gustafson Decl. ¶ 18. By filing the Award publicly, at minimum, Asahi seeks to create inconsistent rulings regarding the sealing and privileged treatment of documents that the state court has ruled confidential or privileged, but which are discussed in the Award that CoTherix reasonably expected would remain private. *Id.* ¶ 35. Asahi evidently hopes that the public

availability of the Award here will create pressure to settle the State Court Action or influence the substantive outcome.

The presumption in favor of public access may be overcome where disclosure of documents "could result in improper use of the material for scandalous or libelous purpose or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). By exposing the confidential and privileged contents of the Award, as well as the arbitrators' inflammatory and unnecessary assessments of Actelion personnel who were not present to defend themselves, Asahi seeks to improperly leverage its position in the State Court Action in an attempt to extract a better result there. Asahi's efforts to publicly file the Award with one-sided redactions, as well as its liberal references to the most inflammatory portions of the Tribunal's reasoning, constitute improper use of confidential material, particularly in light of the fact that CoTherix has paid the Award in full.

### C.   The Award Contains Privileged, Confidential, and Sensitive Information.

As detailed in the Gustafson Declaration submitted herewith, the Award references many confidential and highly confidential documents, as well as documents held protected by the attorney-client privilege under California law.[2] Gustafson Decl. ¶¶ 23-40. The Arbitral Tribunal's reasoning throughout the Award is based heavily upon these confidential and privileged documents. Protection of attorney-client communications and confidential information can overcome the presumption of public access, particularly where there is a confidentiality agreement in place. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073-74 (3d Cir. 1984) (permitting protection of attorney-client privileged information and enforcement of binding contractual obligations not to disclose).

The materials CoTherix seeks to seal concern the arbitration of a private business dispute that involves no particular issues of public interest. This request is narrowly tailored to seal only that material for which good cause to seal has been established. CoTherix thus respectfully requests that the Court enter an order to file under seal the documents identified above.[3]

---

[2] Both Exs. E and F contain privileged material that Asahi should have redacted prior to submitting in any forum. CoTherix asks the Court to enforce the ruling of the Superior Court and strike this material or advise the parties how they should proceed in light of Asahi's attempt to force a waiver of privilege.

[3] Alternatively, Exs. E and F should be temporarily sealed to permit CoTherix to tender a version of the Award that redacts references to privileged materials, highly confidential information and direct quotations from confidential documents if the Court rejects the argument that the entire Award should be sealed.

- 5 -

| | |
|---|---|
| DATED:   January 22, 2010 | BAKER BOTTS L.L.P. |

By:   /s/ *Michele A Gustafson*
      Michele A. Gustafson

BINGHAM MCCUTCHEN

By:   /s/ *James G. Snell*
      James G. Snell

Attorneys for Defendant
COTHERIX, INC.