MORGAN, LEWIS & BOCKIUS LLP
FRANKLIN BROCKWAY GOWDY, State Bar No. 047918
BENJAMIN P. SMITH, State Bar No. 197551
CHRISTOPHER J. BANKS, State Bar No. 218779
TERA M. HEINTZ, State Bar No. 241414
ERIC K. IWASAKI, State Bar No. 256664
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: 415.442.1000; Fax: 415.442.1001
Email:   fgowdy@morganlewis.com
         bpsmith@morganlewis.com
         cbanks@morganlewis.com
         theintz@morganlewis.com
         eiwasaki@morganlewis.com

Attorneys for Petitioner
ASAHI KASEI PHARMA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASAHI KASEI PHARMA CORPORATION,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>COTHERIX, INC.,<br><br>　　　　　　　　Respondent. | Case No. 10-CV-00223-VRW<br><br>**OPPOSITION TO COTHERIX'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED BY PETITIONER ASAHI KASEI PHARMA CORPORATION ON JANUARY 15, 2010** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21523678.2

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

## I. INTRODUCTION

Through its Administrative Motion to Seal ("Mo."), CoTherix, Inc. ("CoTherix") seeks to shield the disclosure of information regarding an arbitration award of the International Court of Arbitration of the ICC which has <u>already</u> <u>been</u> <u>disclosed</u> to the public, is readily available to anyone in a related state court action, and for which CoTherix's claims of confidentiality are vastly overbroad. CoTherix seeks to seal the final arbitration award in its entirety, as well as anything referencing the final award, in order to prevent public disclosure of negative findings regarding the "motives, credibility, and good faith" of CoTherix's ultimate corporate parent, Actelion Ltd. ("Actelion"). Mo. 3:1-3. CoTherix does so even though (1) Actelion was <u>not</u> a party to the arbitration between Asahi Kasei Pharma Corporation ("Asahi") and CoTherix, (2) Actelion is <u>not</u> a party here, and (3) even if Actelion were a party, "[i]t is not the duty of federal courts to accommodate the public relations interests of litigants." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 101 F.R.D. 34, 40 (C.D. Cal. 1984).

CoTherix also pays short shrift to the strong public interest in this dispute, which concerned CoTherix's breach of a license agreement to develop and commercialize a lifesaving drug for thousands of patients suffering from Pulmonary Arterial Hypertension ("PAH"), an invariably fatal disease for which there is no cure. Indeed, recognizing the strong public interest, CoTherix has already shared the arbitration award with its corporate parent, Actelion, and Actelion has in turn issued at least <u>two</u> press releases regarding the award and even fielded press questions regarding the decision! *See* Declaration of Benjamin P. Smith ("Smith Decl."), Exs. A, B, and D. If CoTherix's current claims that the entire arbitration award is "confidential" held any merit – and it does not – its sharing of the award with its parent company and broad publication of the bottom-line arbitration result would constitute clear violations of the protective order.

CoTherix knows that the vast majority of the award is <u>not</u> confidential. That is why, before Asahi filed this action, Asahi and CoTherix prepared versions of the award where they designated the limited portions of the award that each contended should be treated as confidential under the protective order in the arbitration. Docket No. 4 at pp. 3-4 at ¶¶ 5-7 (Iwasaki

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21523678.2

1

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

1  Declaration).  CoTherix designated just portions of approximately 10% of the award as

2  confidential.  The express intent of this work was to allow the vast majority of the award to "be

3  disseminated in the forums where it likely will need to [be disseminated], including the state

4  court."  *Id.*  It was only as Asahi prepared to file its petition that CoTherix inexplicably (and

5  unexpectedly) changed course, demanding that the entire award – including the portions

6  CoTherix had previously admitted were <u>not</u> confidential –  be concealed from the public.  *Id.*

7       CoTherix's Motion is vastly overbroad and inconsistent with both its own actions and

8  those of Actelion.  CoTherix's motion fails to overcome the strong presumption of public access

9  to court records and it should be denied.  *See Kamakana v. City and County of Honolulu,* 447

10  F. 3d 1172, 1178 (9th Cir. 2006).

11  **II.     ARGUMENT**

12       Consistent with the common law right of access to records in civil proceedings, the Ninth

13  Circuit has adopted an approach "requiring courts to start with a strong presumption in favor of

14  access."  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Valley Broadcasting*

15  *Co. v. United States Dist. Court*, 798 F.2d 1289 (9th Cir. 1986)); Civ. L.R. 79-5(a).

16       For "most judicial records," a party moving to seal must demonstrate compelling reasons

17  – supported by specific factual findings – outweighing the presumption of public access to court

18  records.  *See Kamakana,* 447 F. 3d at 1178; *Pintos v. Pacific Creditors Ass'n,* 504 F. 3d 792, 801

19  (9th Cir. 2007).  For other records, a party moving to seal must show that public disclosure of the

20  information sought to be protected would result in "specific prejudice or harm."  *Phillips v.*

21  *General Motors Corp.,* 307 F. 3d 1206, 1211 (9th Cir. 2002).  Here, CoTherix fails to meet its

22  burden in demonstrating any compelling reason <u>or</u> good cause to seal.  *Kamakana,* 447 F. 3d at

23  1182 (failure to meet burden "means that the default posture of public access prevails").

24       **A.     The Result of the Arbitration Has Already Been Publicly Disclosed and
              Testimony and Evidence Submitted in the Arbitration Are Already Part of**
25            **the Public Record**

26       CoTherix contends that the final award from the ICC arbitration, as well as references to

27  the final award in Asahi's Petition and associated e-mail correspondence, should be sealed

28  because the final award results from a "*private* arbitration of a *private* business dispute" where a

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21523678.2

2

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

protective order was entered. Mo. 2:12-13. What CoTherix fails to mention, however, is that it has already disclosed the results of the arbitration to the public, apparently disclosed the award to a non-signatory to the arbitration protective order (Actelion), and the Northern District of California has long rejected blanket sealing claims like those of CoTherix.

First, after the final award was issued, and on December 22, 2009, CoTherix's corporate parent Actelion announced to the world "the results of an arbitration proceeding in California between one of its subsidiaries, CoTherix, Inc., and Asahi Kasei Pharma Corporation (Japan)," including the decision of the arbitration panel that "CoTherix should pay Asahi Kasei approximately USD 91 million (plus interest)." Smith Decl., Ex. A. Actelion publicly expressed its "surprise" and "disappointment" at the panel's decision and the amount awarded, and obviously could not have done so without review of the final award which CoTherix now disingenuously contends is entirely confidential to Asahi and CoTherix. *Id.*

Later, in January, Actelion again announced to the world that its profits for 2009 would be "adversely affected by the USD 91 million arbitration award payable by its subsidiary CoTherix, Inc. to Asahi Kasei Pharma Corporation." Smith Decl., Ex. B. Actelion representatives have also responded to press inquiries regarding the final arbitration award, including those of the publication *Bioworld International*. Smith Decl., Ex. D. Other media outlets, including *Law360*, have also carried stories regarding the arbitration award. Smith Decl., Ex. E.

Second, the Northern District of California squarely rejects CoTherix's argument that a protective order entered in the ICC arbitration requires the entire final award to be filed under seal here. *See* Civ. L.R. 79-5 ("A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing under seal"); *Starling Endeavors Ltd. v. Crescendo Ventures IV, LLC*, 2006 U.S. Dist. LEXIS 20161 at *38 (N.D. Cal. March 31, 2006) (holding that parties' confidentiality agreement with respect to an arbitration is an insufficient basis to seal records in their entirety). This is especially true given that Asahi and CoTherix have already agreed that both parties may use discovery documents, as well as "all witness statements, expert reports, depositions, hearing transcripts, and all other materials exchanged during the arbitration proceeding" in the related (and public) litigation in San Mateo

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21523678.2

3

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

1 Superior Court. Smith Decl., Exh. C.

### B. CoTherix's Administrative Motion is Overbroad and Not Narrowly Tailored

CoTherix's request to place the entire final award under seal is overly broad and fails to distinguish information that is legitimately confidential from information that simply presents CoTherix and/or Actelion in a negative light. Asahi does not dispute that the final award contains information that is the proper subject of a motion to seal, but CoTherix's efforts to seal the entire final award simply to avoid the risk of "harming the reputation of the Actelion entities…" should be rejected. *See* Docket No. 10 at p. 4 & ¶ 12 (Goldman Declaration); *Kamakana,* 447 F.3d at 1179.

#### 1. CoTherix Admits the Entire Award is Not Confidential

Although CoTherix now contends that the entire final award should be placed under seal, its disclosure of the ultimate conclusion of the final award – that CoTherix must pay Asahi $91 million – belies the assertion. Also belying CoTherix's assertion is the fact that CoTherix initially agreed that only <u>limited</u> <u>portions</u> of the final award needed to be filed under seal. *See* Docket No. 4 at pp. 3-4 at ¶¶ 5-7 (Iwasaki Declaration). CoTherix provides no valid reason as to why it suddenly changed its position to designate the entirety of the final award as "confidential" because there is no valid reason.

#### 2. Asahi's Petition and Filing Reveal No Confidential Information

CoTherix contends that the first three paragraphs of Asahi's Petition to Enforce the Arbitration Award (Docket No. 1), as well as an e-mail from Asahi's counsel, should be redacted simply because they reference the final award. However, these paragraphs reveal no confidential or trade secret information, and CoTherix fails to make any serious showing as to why the charging allegations of Asahi's Petition should be placed under seal.

### C. A Compelling Public Interest Exists for Disclosure of the Final Award

CoTherix's motion to seal should further be rejected because the final arbitration award implicates matters of exceptional public interest. Indeed, the resolution of *any* dispute, whether through the court systems or a private arbitration, is "at the heart of the interest in ensuring the public's understanding of the judicial process." *Kamakana*, 447 F. 3d at 1178-79. Contrary to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21523678.2

4

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

Defendants' assertions, defendants cannot completely shield their improper and illegal conduct by seeking refuge in a private arbitration. *See, e.g., Starling Endeavors,* 2006 U.S. Dist. LEXIS 20161 at *38.

The public interest is particularly compelling in this case given that findings of the ICC Tribunal that CoTherix and the Actelion corporations breached an agreement to develop a potentially life-saving drug in order to protect Actelion's monopoly in the PAH drug market. PAH is an incurable and invariably <u>fatal</u> disease that affects hundreds of thousands of people worldwide. Indeed, Congress is now considering a bill to increase public awareness of pulmonary hypertension and encourage new research. *See* Tom Lantos Pulmonary Hypertension Research and Education Act of 2009, H.R. 1030, 111th Cong. (2009). These patients have a right to know about the efforts of CoTherix and Actelion to destroy a potentially life-saving drug.

### D. <u>Asahi's Efforts to Obtain a Narrowly Tailored Sealing Order is Not Only Proper, It is Required by Local Rules and Controlling Authority.</u>

Asahi's effort to seek a narrowly-tailored sealing order from this Court is not only proper, it is <u>required</u> by Local Rule 79-5 and controlling Ninth Circuit case law and it is <u>CoTherix's</u> efforts to obtain a blanket sealing order that would create inconsistencies with the rulings of the San Mateo Superior Court.

Contrary to CoTherix's bald assertion that Asahi is seeking to publicize information that had previously been sealed by the San Mateo Superior Court, Asahi specifically sought to meet and confer with CoTherix before it filed the petition to confirm the final arbitration award to provide CoTherix an opportunity to seal only legitimately sensitive business information. While CoTherix initially <u>agreed</u> to seek a narrowly tailored order, it later reneged on this agreement and sought instead to seek an order sealing the final arbitration award in its entirety. Thus, contrary to CoTherix's accusations, Asahi acted perfectly properly and in accordance with the Local Rules in attempting to stipulate to a narrowly tailored motion to seal.

It is CoTherix, not Asahi that is seeking an end-run around the orders of the San Mateo Superior Court, which ordered that the vast majority of the information contained in the final arbitration award should be part of the public record.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21523678.2

5

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW

### III. <u>CONCLUSION</u>

For the foregoing reasons, CoTherix's motion to seal should be denied.

Dated: January 26, 2010          MORGAN, LEWIS & BOCKIUS LLP

By  /s/
      Benjamin P. Smith

Attorneys for Petitioner
ASAHI KASEI PHARMA CORPORATION

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21523678.2

6

OPPOSITION TO COTHERIX'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
USDC – N.D. of CA Case No. 10-CV-00223-VRW