IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
ASAHI KASEI PHARMA CORPORATION,        No   C 10-0223 VRW
        Petitioner,                         ORDER
        v
COTHERIX INC
        Respondent.
                                       /
```

On January 15, 2010, petitioner Asahi Kasei Pharma Corporation ("Asahi") moved to file two documents under seal: (1) the license agreement between Asahi and respondent CoTherix ("CoTherix"), filed at Doc #2 Exh A, and (2) the original version of the final arbitration award between Asahi and CoTherix, filed at Doc #2 Exh E. Doc #3. In addition, CoTherix moved to seal: (1) the redacted version of the arbitration award, Doc #2 Exh F; (2) portions of the petition, Doc #1, that reference the arbitration award; and (3) portions of an email chain, Doc #4 Exh 1, that quote from the arbitration award. Doc #8. Asahi filed its opposition to CoTherix's motion to seal on January 26, 2010, arguing that only

certain portions of the arbitration award are confidential. Doc #13. On February 17, 2010, the parties filed a notice withdrawing the arbitration award from the record. Doc #17.

As a general rule, documents filed with the court must be open to public inspection, and courts have a "strong presumption in favor of access." <u>Kamakana v City and County of Honolulu</u>, 447 F3d 1172, 1178 (9th Cir 2006) (citation omitted). A presumption in favor of access can only be overcome "on the basis of articulated facts known to the court." <u>Valley Broadcasting Co v United States Dist Court</u>, 798 F2d 1289, 1294 (9th Cir 1986). To determine whether a document may be sealed, the court may consider the "likelihood of an improper use, including publication of scandalous, libelous, pornographic, or trade secret materials * * * and residual privacy rights." Id (citation omitted); see also <u>EEOC v Erection Co, Inc</u>, 900 F2d 168, 169 (9th Cir 1990) (holding that the <u>Valley Broadcasting</u> factors apply equally to civil and criminal proceedings).

The court first turns to Asahi's motion to file under seal portions of the license agreement between Asahi and CoTherix, Doc #2 Exh A. A redacted version of the license agreement is available in the public record, Doc #2 Exh B. The information Asahi seeks to seal appears to be trade secret or other confidential business information, and the redactions appear to be narrowly tailored to cover only sealable information. Accordingly, Asahi's motion to seal exhibit A is GRANTED.

The remaining documents at issue in the parties' motion to seal relate to the arbitration award. The parties have informed the court that Asahi's petition to enforce the award has become

moot, that Asahi will file a voluntary dismissal of the action shortly and that the parties wish to withdraw the award, Doc #2 Exhs E, F, from the record pursuant to Civ LR 79-5(e).

Civ LR 79-5(e) provides that when the court denies a request to file under seal, the submitting party "may retain the document and not make it part of the record in the case." Because the parties wish to withdraw the arbitration award from the record, the court DENIES AS MOOT the parties' motions to file the arbitration award, Doc #2 Exhs E, F, under seal.

CoTherix also seeks to remove portions of the petition, Doc #1, and portions of an email chain, Doc #4 Exh 1, from the public record, because these documents quote from the arbitration award, which is confidential under the terms of the parties' stipulated protective order. Doc #8. But the parties' protective order does not provide the court a basis to file all references to the arbitration award under seal; to be sealable, the award must be "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ LR 79-5(a). The redactions CoTherix seeks do not contain trade secret or other privileged information and are thus not sealable. CoTherix has failed to overcome the presumption in favor of public access, and its motion to seal portions of Doc #1 and Doc #4 Exh 1 is DENIED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3